United States District Court
Southern District of Texas
**ENTERED**
December 17, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARMAN LAHIJANI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee for LSF9 Master Participation Trust, and SELECT PORTFOLIO SERVICING, INC., | § | CIVIL ACTION NO. H-25-5366 |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Arman Lahijani ("Plaintiff") filed this action against U.S. Bank Trust National Association ("U.S. Bank") and Select Portfolio Servicing, Inc. ("SPS") (referred to collectively as "Defendants") in the 400th Judicial District Court of Fort Bend County, Texas, alleging that Defendants violated § 5.065 of the Texas Property Code, breached the duty of cooperation under Texas law, and that Plaintiff is entitled to accounting and redemption.[1] Defendants removed the case to the Southern District of Texas on November 10, 2025.[2] Pending before the court is Defendants' Rule 12(c)

---

[1] Plaintiff's Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction and Request for Disclosures ("Original Petition"), Exhibit 1 to Defendants' Removal Notice, Docket Entry No. 1-2, pp. 1-2, 6-7. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Defendants' Removal Notice, Docket Entry No. 1, p. 1.

Dismissal Motion ("Defendants' MTD") (Docket Entry No. 5). For the reasons stated below, Defendants' MTD will be granted, and this action will be dismissed with prejudice.

## I. Background

In 2005 Marietta Fountain executed a Note and Deed of Trust (referred to collectively as "mortgage") encumbering real property located at 7443 Neal Ridge, Missouri City, TX 77489 ("the property").[3] When the mortgage was executed Beneficial Texas Inc. was the lender. In 2015 Beneficial Financial I Inc. assigned its rights under the mortgage to U.S. Bank, as Trustee.[4] In 2025 U.S. Bank posted the property for foreclosure after its Rule 736 action was granted.[5]

---

[3] Loan Repayment and Security Agreement, Exhibit A to Defendants' MTD, Docket Entry No. 5-2, p. 6. Mortgage, Exhibit B to Defendants' MTD, Docket Entry No. 5-2, p. 9. The court takes judicial notice of the documents attached to Defendants' MTD, which are either public records, the court's own records, or documents referenced by the Petition and central to the Original Petition's claims. See 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (4th ed. suppl. July 12, 2024) ("[C]ourts resolving Rule 12(b)(6) motions may consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned without converting the motion into one for summary judgment under Rule 12(d).").

[4] Assignment of Mortgage/Deed of Trust, Exhibit C to Defendants' MTD, Docket Entry No. 5-2, p. 19. Beneficial Financial I Inc. was the successor by merger to Beneficial Texas Inc. Defendants' MTD, Docket Entry No. 5, p. 2.

[5] Order, Exhibit D to Defendants' MTD, Docket Entry No. 5-2, pp. 23-25.

Plaintiff asserts that despite the fact he purchased the property and assumed the mortgage in 2024, U.S. Bank "failed to include or serve [him] as a necessary party in the Rule 736 action."[6] When Plaintiff learned of the foreclosure sale, he contacted SPS to pay off the remaining balance.[7] However, Plaintiff asserts that SPS "provided [him] with a written reinstatement amount and a verbal payoff amount" that were "substantially higher than what [he] believes is owed."[8] Plaintiff filed suit against Defendants in the 400th Judicial District Court of Fort Bend County, Texas, alleging that (1) Defendants violated § 5.065 of the Texas Property Code, (2) Plaintiff is entitled to accounting and redemption, and (3) Defendants breached the duty of cooperation.[9]

Defendants removed the action to this court based on diversity jurisdiction.[10] On November 13, 2025, Defendants filed a motion for judgment on the pleadings arguing that Plaintiff "failed to state

---

[6]Original Petition, Exhibit 1 to Defendants' Removal Notice, Docket Entry No. 1-2, pp. 3-5 ¶¶ 7-9. Plaintiff asserts that U.S. Bank was aware that the property had been sold to Plaintiff because his "father Ali Lahijani paid off the delinquent balance on the loan at the time of the sale and then made payments on the loan which were accepted by the Defendants." Id. at 4 ¶ 9.

[7]Id. at 4 ¶ 11.

[8]Id. at 4-5 ¶ 11.

[9]Id. at 6-7.

[10]Defendants' Removal Notice, Docket Entry No. 1, pp. 2-3.

a claim upon which relief can be granted."[11]  Plaintiff has not filed a response.

## II. Legal Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008); see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same."). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

Pursuant to Local Rules 7.3 and 7.4, because Plaintiff has not responded to Defendants' MTD within 21 days, the motion is treated

---

[11]Defendants' MTD, Docket Entry No. 5, p. 5.

as unopposed.[12] Failure to oppose the motion is not in itself grounds for granting the motion, however. <u>Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.</u>, 702 F.3d 794, 806 (5th Cir. 2012). The court must assess the legal sufficiency of the complaint to determine whether dismissal is warranted. <u>Id.</u>

### III.  <u>Analysis</u>

**A.  Plaintiff has not alleged facts which, if proved true, would establish that Defendants violated § 5.06 of the Texas Property Code.**

Plaintiff argues that U.S. Bank violated § 5.065 of the Texas Property Code by failing "to include or serve [him] as a necessary party in the Rule 736 action."[13]

However, § 5.065 of the Texas Property Code "concerns executory contracts." <u>Preston v. PHH Mortgage Corp.</u>, Civil Action No. 4:23-CV-03857, 2024 WL 4008196, at *4 (S.D. Tex. Aug. 29, 2024). Because this case involves a mortgage loan, and Plaintiff has not alleged that he executed an executory contract for the conveyance of the property or any other real property, § 5.065 of the Texas Property Code does not apply.

---

[12]<u>See</u> Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

[13]Original Petition, Exhibit 1 to Defendants' Removal Notice, Docket Entry No. 1-2, pp. 3-4 ¶¶ 7, 9.

**B. Plaintiff has not alleged facts which, if proved true, would establish that he is entitled to accounting or redemption.**

Plaintiff argues that he is entitled to an accounting or redemption under articles 6132b-7.01 of the Texas Revised Partnership Act because "there is a clear dispute over the manner in which to allocate the funds which have been paid to Defendants by Plaintiff and whether such funds were appropriately accounted for by Defendants."[14]

The Texas Revised Partnership Act "governs the relations between partners when the partners have not agreed otherwise." Coleman v. Coleman, 170 S.W.3d 231, 236 (Tex. App.–Dallas 2005, pet. denied). Articles 6132b-7.01 to 6132b-7.03 of the Texas Revised Partnership Act specifically govern a partner's withdrawal if the business is not wound up.[15] Since Plaintiff does not allege that a partnership exists between him and Defendants and the sections Plaintiff cites have expired, this claim has no merit.

**C. Plaintiff has not alleged facts which, if proved true, would establish that Defendants breached the duty to cooperate.**

Plaintiff argues that Defendants breached their duty of cooperation by "fail[ing] to respond to Plaintiff's requests for an updated payoff until it was too late for the parties to reach an agreement on the delinquent balance."[16]

---

[14] Id. at 7 ¶ 20.

[15] Articles 6132b-7.01 to 6132b-7.03 of the Texas Revised Partnership Act are expired. Vernon's Ann. Tex. Civ. Stat. art. 6132b.

[16] Original Petition, Exhibit 1 to Defendants' Removal Notice, Docket Entry No. 1-2, p. 7 ¶ 23.

"The implied duty of cooperation 'requires that a promisee' does not 'hinder, prevent, or interfere with the promisor's ability to perform his duties under an agreement.'" ISS Aviation, Inc. Wyoming v. Bell Textron, Inc., No. 24-10063, 2025 WL 4000034, at *7 (5th Cir. Feb. 5, 2025)) (per curiam) (quoting Bank One, Texas, N.A., v. Stewart, 967 S.W.2d 419, 435 (Tex. App.–Houston [14th Dist.] 1998, pet. denied)). "Texas law permits an implied duty, such as that to cooperate, when it rests 'on the presumed intention of the parties as gathered from the terms as <u>actually expressed in the written instrument itself,</u> and it must appear that it was so clearly within the contemplation of the parties that they deemed it unnecessary to express it.'" ISS Aviation, 2025 WL 400034, at *7 (quoting Universal Health Services, Inc. v. Renaissance Women's Group, P.A., 121 S.W.3d 742, 748 (Tex. 2003)) (emphasis in original).

Additionally, "'as a general rule, only parties to a contract can sue to enforce it.'" Emeka v. Wells Fargo Bank N.A., Civil Action No. H-24-2321, 2025 WL 2462975, at *5 (S.D. Tex. Aug. 26, 2025) (quoting Southern Methodist University v. South Central Jurisdictional Conference of the United Methodist Church, 716 S.W.3d 475, 489 (Tex. 2025)). "Owners who have purchased mortgaged property from a borrower, but who have not assumed the mortgage loan do not have standing to sue for breach of the underlying documents if they are not party to the original loan contracts."

-7-

Id. In other words, "[t]he parties to [a mortgage] are defined as the lender and the borrower." 402 Lone Star Property, LLC v. Bank of America, N.A., No. 03-13-00322-CV, 2014 WL 4058715, at *3 (Tex. App.–Austin Aug. 12, 2014, no pet.).

Plaintiff has not alleged facts which, if proved true, would establish that Defendants breached the duty to cooperate. Although Plaintiff states he assumed the mortgage, because none of the mortgage documents identify Plaintiff as the borrower,[17] Plaintiff cannot sue to enforce the original loan contracts. Emeka, 2025 WL 2462975, at *5; see also 402 Lone Star Property, LLC, 2014 WL 4058715, at *3 (holding that a purchaser only "obtain[s] the rights of a borrower under a deed of trust" when the purchaser "take[s] the affirmative steps of requesting and receiving written approval from the lender to assume the borrower's obligations under the deed of trust"); Montenegro v. Ocwen Loan Servicing, LLC, 419 S.W.3d 561, 564, 571 (Tex. App.–Amarillo 2013, pet. denied) (same).

---

[17]Loan Repayment and Security Agreement, Exhibit A to Defendants' MTD, Docket Entry No. 5-2, pp. 2, 6-7; Mortgage, Exhibit B to Defendants' MTD, Docket Entry No. 5-2, pp. 9, 16. Plaintiff provides no additional facts to support that he assumed the Mortgage. Because the Mortgage allows the lender to accelerate the loan if the borrower sells or transfers its interest in the property without the lender's prior written consent, Plaintiff's bare assertion that he assumed the Mortgage does not "contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft, 129 S. Ct. at 1949 (quoting Twombly, 127 S. Ct. at 1974); see also 402 Lone Star Property, LLC, 2014 WL 4058715, at *3 (discussing that the deed of trust required written approval from the lender before the successor in interest was considered the borrower because the deed of trust included language that allowed the lender to accelerate the loan if the borrower's interest in the property was transferred without the lender's prior written consent).

Moreover, even if Plaintiff assumed the mortgage, "there is not any 'precedential authority to support the existence of an implied covenant to provide a payoff amount in a transaction involving a promissory note and deed of trust.'"[18] Dick v. Colorado Housing Enterprises, L.L.C., 780 F. App'x 121, 124 (5th Cir. 2019) (quoting Graves v. Logan, 404 S.W.3d 582, 585-86 (Tex. App.-Houston [1st Dist.] 2010, no pet.)) (affirming the lower court's decision to grant the defendant's motion to dismiss the plaintiff's breach of contract claim, which was based on defendant's failure to provide the plaintiff with the amount of payment necessary for reinstatement); see also Mass v. Wells Fargo Bank, N.A., Civil Action No. H-21-2962, 2022 WL 61161, at *5 (S.D. Tex. Jan. 6, 2022) (holding that merely asserting that the defendant "did not respond [] with the information needed to properly perform the obligations of the Loan . . . does not amount to an allegation that Defendant hindered, prevented, or interfered with Plaintiff's ability to perform her duties under the contract").

**D.   The ccurt will not grant leave to amend.**

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2). "Leave to amend is not automatic, but a district court needs

---

[18]Even if there were an implied covenant to provide a payoff amount, Plaintiff states in his Original Petition that SPS provided him with a "written reinstatement amount and a verbal payoff amount." Original Petition, Exhibit 1 to Defendants' Removal Notice, Docket Entry No. 1-2, p. 3 ¶ 11.

a substantial reason to deny a party's request for leave to amend." North Cypress Medical Center Operating Co., Ltd. v. Aetna Life Insurance Co., 898 F.3d 461, 477 (5th Cir. 2018) (internal quotation marks omitted). "'[A] movant [seeking to cure a defective pleading] must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects.'" D.L. Markham DDS, MSD, Inc. 401(K) Plan v. Variable Annuity Life Insurance Co., 88 F.4th 602, 613-14 (5th Cir. 2023).

Plaintiff has not responded to Defendant's MTD and has not requested leave to amend. Plaintiff has not provided notice of any amendments he could make to cure the pleading deficiencies explained in Defendant's MTD. The court will therefore not grant leave to amend, and the court's dismissal of the Petition will be with prejudice.

## IV. Conclusion and Order

For the reasons stated above, the court concludes that Plaintiff has failed to state a claim upon which relief can be granted. Defendants' Rule 12(c) Dismissal Motion (Docket Entry No. 5) is therefore **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 17th day of December, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE